IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JAIME RAMON GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THE CITY OF LAREDO, | § | |
| RANDALL CARRELL, | § | |
| AGUSTIN DOVALINA, | § | |
| RICARDO GONZALEZ, | § | CASE NO. 5:03CV124 |
| WALTER GONZALEZ, | § | |
| ALLEN JARRELL, | § | |
| HERIBERTO LEAL, | § | |
| RUBEN NUNEZ, | § | |
| ALFREDO RODRIGUEZ, & | § | |
| POSSIBLY OTHERS UNKNOWN | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Jaime Ramon Garcia, the Complainant, by and through

his attorney, Richard J. Gonzalez, and files and presents this Plaintiff's

Original Complaint, and for cause, offers to show as follows:

1. This is an action for money damages brought pursuant to 42 USC §§

1983 and 1988, and the Fourth and Fourteenth Amendments to the

United States Constitution, and under the common law of the State of

Texas, against Officer Randall Carrell, Officer Ricardo Gonzalez,

1

Officer Walter Gonzalez, Officer Allen Jarrell, Officer Heriberto Leal, Officer Ruben Nunez, and Officer Alfredo Rodriguez, police officers of the City of Laredo, Texas, in their individual capacities and against the City of Laredo, Texas. Jurisdiction is based on 28 USC §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of Jaime Ramon Garcia, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered Jaime Ramon Garcia. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of Laredo, Texas.

## PARTIES

3. Jaime Ramon Garcia was at all materials times a resident of Laredo, Texas, and of full age.

4. Defendant Officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Laredo, acting under color of law, to wit, under color of the statutes,

ordinances, regulations, policies, customs and usages of the State of Texas and/or the City of Laredo, Texas.

5. The City of Laredo, Texas is a municipal corporation and the public employer of the said officers.

## FACTS

6. On or about August 21st, 2001, at approximately 2:00 o"clock P.M., Jaime Ramon Garcia was driving west on Lyon Street in Laredo, Texas.

7. Jaime Ramon Garcia passed an unmarked vehicle being driven by Allen Jarrell.

8. Allen Jarrell falsely reported to the Laredo Police Department that Jaime Ramon Garcia was driving recklessly, and that he may be concealing a handgun.

9. Jaime Ramon Garcia was, by this time, travelling south on Santa Ursula, when he noticed several police units coming in his direction.

10. Jaime Ramon Garcia went into the McDonald's parking lot in an attempt to clear the way for the police officers, as Jaime Ramon Garcia did not know that he was being followed by the police, or that the police were trying to stop his vehicle.

11.  Shortly thereafter, defendant police officers Officer Carrell, Ricardo Gonzalez, Walter Gonzalez, Heriberto Leal, Ruben Nunez, and Alfredo Rodriguez, in marked police cruisers, and Allen Jarrell, in an unmarked vehicle, stopped the plaintiff's vehicle, purportedly to investigate a complaint by Allen Jarrell that Jaime Ramon Garcia was driving recklessly and possibly concealing a handgun.

12.  Defendants Officer Carrell, Ricardo Gonzalez, Walter Gonzalez, Heriberto Leal, Ruben Nunez, and Alfredo Rodriguez approached plaintiff's vehicle with their guns drawn. They ordered the plaintiff to place his hands where they could see them and to exit from his vehicle. Plaintiff attempted to comply with these commands.

13.  As the Plaintiff was exiting his vehicle, one or more of the defendant police officers opened the door, pointed their guns at the defendant, grabbed the defendant, shoved him face first to the ground, and handcuffed him.

14.  The defendant police officers placed their knees on the Plaintiff's neck and defendant Allen Jarrell placed his knee on the Plantiff's back on his back.

15.     Plaintiff Garcia had not physically resisted or assaulted the defendants in any way, and the force used against him was unnecessary, unreasonable and excessive.

16.     The defendant police officers then arrested Plaintiff Garcia.

17.     Plaintiff complained to the defendant police officers that the handcuffs were too tight, and the officer who transported the Plaintiff to the police station, in response to the Plaintiff's complaint, tightened the handcuffs even more.

18.     Plaintiff Garcia was taken by one of the defendant police officers in custody to the Laredo Police Station, where he was detained.

19.     During the time he was in custody, Plaintiff Garcia was offered no medical assistance by the defendants or other Laredo police officers.

20.     The Plaintiff was subsequently transported to the Webb County Jail, and charged with reckless driving. Plaintiff was in custody about 3 – 4 hours, before securing a bond for his conditional release.

21.     At no time during the events described above, was plaintiff Garcia intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly. He had not committed any criminal offenses.

22. The defendant police officers had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff and no legal cause or excuse to seize the person of the plaintiff.

23. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

24. As a direct and proximate cause of the said acts of the defendant Officers, the plaintiff, Jaime Ramon Garcia, suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Loss of his physical liberty;

   c. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment.

25. The actions of the defendant Officers violated the following clearly established and well settled federal constitutional rights of Jaime Ramon Garcia:

30.     As a result of this assault and battery, plaintiff Jaime Ramon Garcia

suffered damages as aforesaid.

## COUNT III

### False Arrest and Illegal Imprisonment Against Individual Defendants

31.     Paragraphs 1 through 25 are incorporated herein by reference as

though fully set forth.

32.     Defendants Officer Randall Carrell, Ricardo Gonzalez, Walter

Gonzalez, Allen Jarrell, Heriberto Leal, Ruben Nunez, and Alfredo

Rodriguez arrested and illegally imprisoned Jaime Ramon Garcia.

33.     As a result of this false arrest and illegal imprisonment, the plaintiff

suffered the damages as aforesaid.

## COUNT IV

### 42 USC § 1983 Against the City of Laredo, Texas

34.     Paragraphs 1 through 25 are incorporated herein by reference as

though fully set forth.

35.     Prior to August 21st, 2003, the City of Laredo, Texas developed and

maintained policies or customs exhibiting deliberate indifference to

the constitutional rights of persons in Laredo, Texas, which caused the

violation of Jaime Ramon Garcia's rights.

36. It was the policy and/or custom of the City of Laredo, Texas to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Laredo, Texas.

37. It was the policy and/or custom of the City of Laredo, Texas to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

38. As a result of the above described policies and customs, police officers of the City of Laredo, Texas, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

39. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Laredo, Texas, to the constitutional rights of persons within the City, and were the cause of the violations of plaintiff's rights alleged herein.

WHEREFORE, the plaintiff requests that this Court:

a. Award compensatory damages to plaintiff against the defendants, jointly and severally;

b. Award costs of this action to the plaintiff;

c. Award reasonable attorney's fees and costs to the plaintiff on Counts I and IV of the complaint;

d. Award such other and further relief as this Court may deem appropriate.

The plaintiff hereby demands a jury trial.

Dated: Thursday, August 21st, 2003

Respectfully submitted,

RICHARD J. GONZALEZ
ATTORNEY AT LAW
TX BAR NO 08131600; FED ADM ID NO 756
910 LOGAN AVE
LAREDO TX 78040-6202
TEL: 956-722-6011
FAX: 956-726-4814